Good morning, Your Honors. Christopher Dellert representing Terri Marsh-Quinlan plaintiff appellant in this case. I would like to reserve any time that I have left over for rebuttal if possible. So at issue in this case is whether the Magistrate Judge had abuse or discretion in finding that the appellee's position was substantially justified, where the case was remanded based on submission of new evidence. In remanding the case on the merits, Magistrate Judge Tyler concluded that the opinion undermined the ALJ's decision because it described limitations not accounted for in the ALJ's RFC assessment and contradicted several of the ALJ's findings. In the issue order, however, Magistrate Judge Tyler found substantial justification as there was no error in the ALJ's decision based on the record that was before him. In so doing, Magistrate Judge Tyler found the case analogous to Decker where the result, remand, was not inevitable. Judge Tyler did not discuss the companion case, Gardner v. Berryhill. In both cases, the substantial justification determination hinged on whether the decision could be affirmed when the entire record, including the new evidence, was considered. In so doing, she applied the wrong legal standard. So Decker involved blood tests with abnormal results but no interpretive opinion. The court noted that in Brews, new evidence had directly undermined the basis of the ALJ's analysis, but in the present case, it was not obvious that the new evidence, if credited, would result in a finding at odds with the ALJ's conclusions. In Gardner, on the other hand, the submission was a medical assessment from the individual's The court determined that it should have been plain that the ALJ decision could not have been affirmed because the ALJ's decision failed to provide a reason that was still viable for giving the new opinion little weight. This case involved the same kind of evidence that was present in Gardner. It was a medical opinion with functional assessment based on an examination and review of records. The reasoning that the ALJ had given for rejecting other evidence was not applicable, therefore it should have been plain that if this evidence was credited, the ALJ's decision was not based on substantial evidence in the record before the court. But the standard of review is abuse of discretion and the very same magistrate judge who thought that Moore's, you know, different opinion warranted a remand concluded that it wasn't so different with a remand was so obvious that it wasn't substantially justified. Why would that be an abuse of discretion, maybe if it were de novo? Because she applied two different standards in that instance. When she was remanding, she said that the RFC contradicted several of the ALJ's findings, but then when she was ruled on substantial justification, she found she only compared the ALJ's decision to the record that was before him at that time. So she wasn't considering the impact of the new evidence in finding substantial justification of the new evidence. You're intending the EAJA order relied on a view of the evidence that was inconsistent with the prior order? Yes, Your Honor. She specifically said that she was only considering the record that was before him in the substantial justification. And that may go to whether the ALJ's decision itself was substantially justified, but it does not address the appellee's litigation position, which under Bruce and Gardner should have, was not reasonably based in law. If there are no other questions, I will just reserve the remainder of my time. You certainly may do that. And we'll hear now from Mr. Darcher. I hope I pronounced that correctly. You did, Your Honor. Thank you. Yes, Mr. Edmund Darcher, representing the commissioner, defendant, appellee in this case. Your Honors, the opposing counsel points out the contradictions between the two opinions undermined the ALJ's decision, but those contradictions were not enough to require remand in this case because of the way that the opinions were closely resembled and closely aligned, as pointed out by counsel in merits litigation. Well, counsel, the government's position, as I understand it, was that a remand for further consideration by the ALJ was not justified because the government thought the ALJ would just discount the opinion from Dr. Moore, even though it was quite extensive, because it was similar to the check the box report from Dr. Brown. And that position seems to me to be not consistent with not only the result in this case, but inconsistent with Darcher and other cases in which it's clear that an explanatory report is quite different than a check the box report. So, I don't understand why that position was ever substantially justified. Well, Your Honor, because the rule of law that flows through both Gardner and Decker is that opposition to remand is substantially justified based on new evidence when the ALJ's reasoning is still applicable. Counsel, its reasoning couldn't be applicable because the ALJ had rejected Dr. Brown because it was a mere check the box form, and that is not true of the new evidence. So, I don't understand how you can argue that he would apply the same reasoning, check the box, to something that was several pages long and wasn't check the box. Well, the opinion of Dr. Brown was issued on the same check the box form as the opinion of Dr. Moore, the new evidence, and they contain fairly similar... But, none of them contain an explanation. Well, Dr. Moore's opinion had the explanation of just the one time evaluation. That's my point. That's my point. How is it possible to say that where there's an explanation it's identical to a situation where there's no explanation? Dr. Brown's opinion was also submitted with several years of treatment records that contained examination findings, variable strength, and some range of motion limitations too, which the ALJ considered, along with other evidence of activities and improvement with treatment based on opinions in the record, found that that kind of evidence was consistent with limitations for light work and some other manipulative... that the ALJ also accounted for new evidence by providing limitations in handling and fingering, and Dr. Moore's opinion was not, I think, eliciting that much more new evidence that was required that the ALJ's reasoning didn't apply towards. Isn't that exactly what needs to go back to the ALJ to see if the conclusion is the same based on the new evidence? The remand wasn't a foregone conclusion in this case because of the arrival of the new evidence, because of the depth of the ALJ's reasoning and how that reasoning applied to the evaluation and opinion of Dr. Moore. I'm sorry, can you finish your answer before I... Yeah, so remand wasn't a foregone conclusion, nor was non-remand a foregone conclusion in this case. It was just reasonable to, in law and fact, to argue that the new evidence didn't elicit anything that the ALJ's reasoning didn't address towards. It didn't undermine the ALJ's substantial evidence and reasoning to a degree that required remand. Yeah, so the magistrate judge in denying fees relied on Decker, and as I'm remembering, and I may be wrong about this, but that was the only precedent on this court that was discussed in the decision and did not discuss Gardner at all. And in Decker, the new evidence was a printout of some test results that was not accompanied by any explanation from the position and was somewhat mysterious, whereas in Gardner, there's a new report. The ALJ there had said, well, I'm not going to give it any weight because it's only interim, and then it was completed. Similarly here, I'm not going to give any weight because it's a mere check the box, and then something came in that was more than that, but more substantive, very similar. So, and in Gardner, we said in that situation, it was an abuse of discretion not to award fees. Yes, because there was no other reasonable result that could be possible because in Gardner, the ALJ had only given one reason for rejecting any opinion. He had accepted all other opinions in that case, and the one reason that he rejected the opinion was that it was because it was temporary. When a final opinion from that new source became part of the record, the ALJ's reasoning, there was nothing left for him to rely on, for the ALJ to rely on. There was nothing left to argue that the ALJ's reasoning was still supported, and therefore, remand was the only reasonable result. In this case, although the type of evidence does differ, the ALJ's reasoning was still applicable to directly applicable, or at least not directly applicable, but closely aligned with these closely aligned opinions, and that the ALJ's reasoning was still supported, and had the record as a whole, which is what Bruce requires, is to look at the record as a whole to see if the ALJ's decision can still be supported, and using the reasoning, and a case like Wilder, although unpublished, still serves as an example of when remand is not required, even though an opinion does appear in the record as new evidence, which was cited in Gardner as an example where you could look to the evidence as a whole, as well as the ALJ's reasoning, to determine whether remand was required or not. So, the interpretation of the blood results in Decker was not the only reasonable result. The interpretation of this new opinion in the record was not the only reasonable result either. This was the ALJ's reasoning applying towards it in a multitude of ways. It was issued on the same checkbox form. Neither form contained any explanation. Both evaluations were contrary to activities that were reported to both sources. The ALJ's reasoning about a lot of frequent camping and other robust physical activities was applicable to the activities reported to Dr. Moore, that Ms. Marsh-Quinlan was walking three miles a day, camping several times a year, and those deficits in activities or changes in those activities weren't related to her physical complaints. Dr. Moore's opinion went back two years, but she only had one evaluation of Ms. Marsh-Quinlan. Similarly, Dr. Brown's opinion was beyond the scope of his opinion, so that those two things were comparable. What's the status of her application? Is it back before the agency? I do not know the status of her application now. Again, I want to urge this court that the abuse of discretion standard in this case is highly deferential. The district court did not abuse its discretion. It made an efficient and uncontested set of merits findings, finding that the only issue that required remand was consideration of the opinion that undermined the ALJ's decision. It was not the only reasonable result because of the multitude of ways in which that new evidence resembled evidence that the ALJ had permissibly rejected, including, after being pointed out in the merits litigation, that those two opinions were closely aligned. The ALJ's reasoning on Dr. Brown applied to Dr. Moore. And because of cases like Wilder... I guess what I'm struggling with is the position that the government took, because the question isn't about the ALJ when awarding the fees, it's about whether the government's position was substantially justified. And the government's position was that the new report was just like the check the box, but it was six pages of a single-spaced text. It wasn't just like the check the box. And so that's what I'm struggling with. But those things weren't really supported by the record. The ALJ had considered those kinds of evidence already. There wasn't anything that different between the two opinions that made remand the only reasonable result. And so that when the evidence entered the record, there was no guarantee that remand was required. And the government's position on that is reasonable in law and fact, as was the district court's finding. And that is a highly differential standard that courts usually will be deferring to. Thank you, counsel. I will hear again from Mr. Dillard, who has some rebuttal time. Thank you, your honors. So defendant or counsel cited Wilder as an example of the kind of case where substantial justification was found. Well, in Wilder, the evidence was objectively verifiable results that provide the suggestion that the claimant had a serious impairment and subjective reporting by claimant that the ALJ found not credible. In this case, the objectively verifiable results are the results that lead to the conclusion that Ms. Marsh-Quillian does have severe impairments that impair her functioning. Now, the district court passed on evaluating the credibility, so we don't know if the activities would have been found to be inconsistent with her allegations. The court just said, reconsider all this when you take in this new evidence. So you can't rely on the any kind of reference to the credibility findings as a basis for rejecting this opinion anyway, because those were not affirmed. The magistrate just passed on that. Other cases in which, and this is all cited in Gardner, other cases in which substantial justification was found is where the new evidence didn't cover the period in question. The new evidence didn't establish a medically determinable impairment because it wasn't from an acceptable medical source. And then where the evidence that was submitted was not actual medical evidence indicating functional limitations more severe than the RFC. In this case, the opinion by Dr. Moore was based on examination, based on medical record review. Ms. Marsh-Quillian had been referred by Dr. Moore to consider her because Dr. Moore felt that the limitations were outside of what she could help with at that point. And this was actually brought up tangentially at the hearing. Ms. Marsh-Quillian testified that she was going to be seen by a physiologist the week after the hearing. And presumably this is the opinion that she's talking about because it did take place six days after the hearing. So do you have an answer for Judge Collins' question as to what the current status of the case is? It is still pending a new hearing. So it's before the agency, just the question is, you know, we have not got a new hearing scheduled that I know of yet. But ultimately, this opinion mirrored the opinion in Gardner. The reasoning did not apply. And given the new evidence was there and admitted into the record, it should have been considered. The council's litigation position just was not substantially justified in law. And we request that the fees do be awarded based on that finding. Thank you, counsel. The case just argued is submitted and we appreciate the helpful arguments from both of you.
judges: GRABER, COLLINS, Groves